### MASSEY et al. v. STATE. (5 Div. 477.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

Intoxicating liquors ⬯223(2) — Failure of proof as to one defendant in a joint indictment not a variance.

Under a joint indictment for a violation of the Prohibition Law, absence of evidence tending to connect one of the defendants with possession of a still would not constitute such variance as to entitle others, jointly indicted, to an acquittal.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Oscar, Earnest, Rufus, Laymon, and Clyde Massey were jointly indicted for violating the Prohibition Law. From a judgment, on verdict, adjudging Oscar and Laymon Massey guilty, these defendants appeal. Affirmed.

Barnes & Walker and Denson & Denson, all of Opelika, for appellants.

If the indictment charges that two or more defendants committed one and the same offense at the same time, they cannot be convicted on proof showing that each committed the offense charged at different times. Mc-Gehee v. State, 58 Ala. 360.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony does not show each defendant committed the offense at different times. There was evidence to show the two appellants were joint owners and operators of the still, and that any act of either was the act of both. Toles v. State, 170 Ala. 99, 54 South. 511; Livingston v. State, ante, p. 316, 97 South. 166.

SAMFORD, J. The evidence in this case was sufficient upon which to base a verdict of guilt, and the fact that there was no evidence tending to connect one of the parties charged in the indictment with the possession of the still, and not here convicted, would not constitute such variance as to entitle others jointly indicted to an acquittal.

There is no error in the record, and the judgment is affirmed.

Affirmed.